IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMJAD M. SALEH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0136-L |
| | § | |
| ANGELA K. BARROWS, Director, | § | |
| Dallas District Office, Citizenship and | § | |
| Immigration Services, **et al,** | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING WRIT OF MANDAMUS

Before the court are (i) Petitioner's Petition for Hearing on Application for Naturalization and Petition for Writ of Mandamus, filed January 23, 2007 and (ii) [Respondents'] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or, Alternatively, Pursuant to Fed. R. Civ. P. 12(b)(6), filed March 21, 2007. After careful review of the petition, motion, Respondents' brief, record, and the applicable authority, the court, for the reasons herein stated, **denies** [Respondents'] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or, Alternatively, Pursuant to Fed. R. Civ. P. 12(b)(6), **denies** Petitioner's Petition for Hearing on Application for Naturalization, and **grants** Petitioner's Petition for Writ of Mandamus.

**I.     Background**

This is an immigration case in which Ahjad M. Saleh ("Petitioner") sues Alberto R. Gonzales[1], United States Attorney General; Michael Chertoff, Secretary of the United States

---

[1] At the time Petitioner filed this action, Alberto Gonzales was Attorney General of the United States. Attorney General Gonzales resigned effective September 17, 2007. The position of Attorney General is vacant, and Peter D. Keisler is serving as Acting Attorney General. Pursuant to Fed. R. Civ. P. 25(d), when a public officer is a party to an action in his official capacity and resigns while the action is pending, his successor is automatically substituted as a party.

**Memorandum Opinion and Order Granting Writ of Mandamus - Page 1**

Department of Homeland Security; Angela K. Barrows, Director of the United States Citizenship Immigration Service ("USCIS"), Dallas District Office; and Robert Mueller, III, Director of the Federal Bureau of Investigation ("FBI")(collectively, the "Respondents"). Petitioner is a native of Palestine and a lawful permanent resident of the United States.

On November 12, 2004, he filed for naturalization with the USCIS and was granted an interview on the application on April 25, 2005. During the interview, a immigration officer told Petitioner that he passed the required English, United States history, and United States government tests, but that he would be notified when to appear for his oath ceremony because USCIS was awaiting the required FBI background check clearance. Over the course of approximately two years, Petitioner inquired about the status of his case on three separate occasions, and was informed that the case was pending the required background check clearance. During the pendency of Petitioner's application, however, he applied for and received a concealed handgun license. That process required, among other things, a similar FBI background check. On January 23, 2007, Petitioner filed this suit, asking the court to either assume jurisdiction over and adjudicate his naturalization application or compel Respondents to adjudicate his application.

To invoke the jurisdiction of this court, Petitioner relies on 8 U.S.C. § 1447(b), which allows a citizenship applicant to apply to a United States district court for a hearing if there is no determination on his application before the expiration of one-hundred twenty (120) days from the date the examination is conducted. In the alternative, Petitioner contends that the court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq. Although Respondents contend that none of the other statutes cited by Petitioner provides

---

Accordingly, Acting Attorney General Keisler is automatically substituted in place of former Attorney General Gonzales.

a basis for subject matter jurisdiction in this case, conspicuously absent from their brief is any discussion of 8 U.S.C. § 1447(b), the statute that confers jurisdiction on the court.

## II.  Standards

### A.  Rule 12(b)(1) - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994))

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B. Rule 12(b)(6) - Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find

inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Discussion

Petitioner filed his claim pursuant to 8 U.S.C. § 1447(b) alleging that it provides the basis for both his cause of action and the court's jurisdiction. The court agrees.

When USCIS does not grant or deny an application for naturalization within 120 days after the required examination of the applicant, the applicant may ask the district court to adjudicate the application. 8 U.S.C. § 1447(b). The district court has jurisdiction to either hear the matter or remand it to USCIS for adjudication. *Id.* At the time the petitions, motion, and brief were filed in this case, there was no clear Fifth Circuit authority that interpreted the word "examination" within the context of section 1447(b). On June 19, 2007, the Fifth Circuit held that the "120-day time period of 8 U.S.C. § 1447(b) does not begin to run until USCIS receives the FBI's 'definitive response,' described in 8 C.F.R. § 335.2(b)." *Walji v. Gonzales*, 489 F.3d 738, 741 (5th Cir. 2007). The Fifth Circuit then withdrew this opinion and held in its September 14, 2007 opinion that the 120-day time period begins to run after the *application interview* rather than the FBI definitive response.

As recently interpreted by the Fifth Circuit, the plain language of 8 U.S.C. § 1447(b) entitles Petitioner to the relief sought. Because USCIS is awaiting the required FBI background check clearance, it has not yet granted or denied Petitioner's application for naturalization. The interview

occurred on April 25, 2005 - well over 120 days ago.[2]  Therefore, pursuant to 8 U.S.C. § 1447(b), Petitioner is entitled to seek redress for the delay in the district court, and the court is empowered to adjudicate the claim.  Because 8 U.S.C. § 1447(b) confers jurisdiction in this case, the court does not address the alternate bases of subject matter jurisdiction raised by Petitioner and Respondents. Moreover, as the Fifth Circuit has held that a district court has jurisdiction to adjudicate the matter or remand it to USCIS upon the expiration of 120 days after the interview, it has necessarily decided that Petitioner has stated a claim upon which relief can be granted.  Accordingly, denial of [Respondents'] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or, Alternatively, Pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate.

**IV.     Conclusion**

For the foregoing reasons, the court **denies** [Respondents'] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or, Alternatively, Pursuant to Fed. R. Civ. P. 12(b)(6), **denies** Petitioner's Petition for Hearing on Application for Naturalization, and **grants** Petitioner's Petition for Writ of Mandamus.

**V.      Order Granting Writ of Mandamus**

The court elects to remand Petitioner's N-400, Application for Naturalization rather than make the determination itself.  The court lacks the resources, personnel, or expertise to make a determination of citizenship in this instance.  This action is hereby **remanded** to USCIS Dallas District Office, and Respondents are **ordered** to promptly adjudicate (make a determination on) Petitioner's application.  In any event, the determination shall be made no later than **January 4, 2008**.  It is also **ordered** that Respondents complete all of their administrative and internal

---

[2] Nothing in the record indicates that USCIS has acted on the application since the filing of this action.

**Memorandum Opinion and Order Granting Writ of Mandamus - Page 6**

requirements for adjudicating Petitioner's application for naturalization prior to issuing a decision on the application. It is further **ordered** that Respondents are prohibited from denying Petitioner's application because of any failure by Respondents to complete their administrative or internal requirements for adjudicating applications for naturalization. Any denial of Petitioner's application must be based upon the merits of his case for naturalization and the application of applicable law.

**It is so ordered** this 6th day of November, 2007.

Sam A. Lindsay
United States District Judge